The following opinions were given pursuant to Article 10, section 3, of the Constitution of the State, which provides that "the judges of the Supreme Court . . . shall give their written opinion upon any question of law whenever requested by the Governor or by either house of the General Assembly."

## IN RE THE NORTH SMITHFIELD ELECTION.

18 817
18 278

Under Pub. Stat. R. I. cap. 10, § 27, and in all the cases specified in the section the town clerk has the right and duty to call a new election, unless the case arises during the session of the General Assembly, when the house in which the vacancy occurs may call the election.

STATE OF RHODE ISLAND, EXECUTIVE DEPARTMENT,
                                April 17th, 1893.

*To the Honorable Supreme Court of Rhode Island :*

GENTLEMEN : I desire to receive the opinion of Your Honors, upon the following point :

The Senator-elect from North Smithfield having died, has the town clerk of said town the right to order a new election for Senator in that town, before the meeting of the body to which the deceased was elected a member ?

D. RUSSELL BROWN, *Governor.*


OPINION OF THE COURT.

*April* 21, 1893.

*To His Excellency D. Russell Brown, Governor of the State of Rhode Island and Providence Plantations :*

In response to Your Excellency's request for an opinion upon the question : " The Senator-elect from North Smithfield having died, has the town clerk of said town the right to order a new election for Senator in that town before the meeting of the body to which the deceased was elected ?" we have the honor to submit our opinion as follows :

The question arises under Public Statutes, chapter 10, section 27 : "Whenever any person elected Senator or Representative shall, at any time between his election and the expiration of his term, refuse to serve, and shall declare the same to the Town Clerk of the town for which he is elected, or shall die, resign, or remove out of the State, or whenever, in case of a failure to elect at the annual meeting, or any adjournment thereof, the office shall become or be vacant, the Town Clerk shall forthwith issue his warrant for an election to fill such vacancy, unless a special election for that purpose shall be ordered by the house in which the vacancy may occur."

In construing this section its history is instructive. The original provisions were contained in two sections of an act passed in September, 1761. The first section made it the

duty of the town clerk to issue a warrant for a new election when a deputy should refuse to serve at the session to which he was chosen, and the second section also made it the duty of the town to proceed to choose another deputy forthwith when any deputy should die or remove out of the colony between the time of his election and the session of the Assembly to which he was chosen, or after he had taken his engagement and attended such session ; the town clerk issuing the warrant as before. These provisions were plain and left the duty solely with the town clerk, and this law remained unchanged down to January, 1843. An act was passed June, 1839, directing the Speaker of the House to issue his warrant for an election in case of a vacancy in the Senate, the senators then being general officers and not elected from towns.

In January, 1843, the following act was passed, which now appears in Public Statutes, chapter 18, section 9 : "If any vacancy shall happen in either house during any session of the General Assembly, the house in which it occurs may order a new election, and appoint such time therefor and give such notice thereof as it may deem proper."

At the same session, January, 1843, a new election law was passed, putting the two sections of the law of 1761 into one section, still making it the duty of the town clerk, upon the happening of either of the events specified, to issue his call forthwith, but with this limitation : "Unless a special election for that purpose shall be ordered by the house in which the vacancy happens." And so the law remains at present, except that at the January session, 1875, an amendment was added extending the duty to a case of non-election, which appears to be in conflict with Article 8, section 5, of the Constitution.[1] It is the clause above quoted which cre-

---

[1] As follows :

SEC. 5. The ballots for senators and representatives in the several towns shall, in each case, after the polls are declared to be closed, be counted by the moderator, who shall announce the result, and the clerk shall give certificates to the persons elected. If, in any case there be no election, the polls may be reopened and the like proceedings shall be had until an election shall take place. Provided, however, that an adjournment or adjournments of the election may be made to a time not exceeding seven days from the first meeting.

ates the ambiguity in the section ; but, in view of its origin, we think its construction is plain.   Down to 1843 the town clerk had the sole authority to call a new election in the case of the death, removal or refusal to serve of a member-elect of the General Assembly, and then authority was given to either house to order an election to fill a vacancy which should occur during the session.   In consolidating the two sections relating to the town clerk, his duty, which had before extended to all cases, had to be limited by this newly added exception, and the use of the word "forthwith" points to the happening of the events rather than to the future failure of the house to act.   It may be said that this exception gives a power to the Senate or House to call an election by implication.   The two acts must be construed together, and, so taken, the clause "unless a special election for that purpose shall be ordered by the house in which the vacancy may occur" is fully satisfied by reference to the power contained in section 9.   Being an exception to the power of the town clerk, as no authority is anywhere else given to a single house to order an election for any vacancy other than one occurring during a session, we think it means the same as though it said :   "Unless a special election shall be ordered under the power as given in said section 9."   Consequently the authority of the town clerk remained unchanged as to all other vacancies, and it was still his duty to issue the call in all cases except where authority is given to the House, which, by reference, is only the case of a vacancy occurring during a session.

It may also be said that the Constitution, in Article 8, section 1, provides, as far as may be, that no town shall be without a representation ; by allowing a Senator or Representative to hold his office until another is "legally chosen and duly qualified" to fill the place ; and so there is no vacancy.   While this right of the present member is thus given, he sits by virtue of his membership in the present House and not by virtue of any other membership in the House-elect.   The word vacancy is used in part with reference to the incoming House, in the sense of a vacancy in the

members-elect, and not simply with reference to an actual
vacancy in the representation of the town ; for there can be
no vacancy in the representation so long as the old member
is present to act before the qualification of his successor ; and
hence, upon the assumption stated, there could be no vacancy
at all until the old member, also, should die, or in some way
become disqualified.    This, clearly, is not the meaning of the
statute, because it expressly provides for the case of a mem-
ber-elect who refuses to serve ; and the same use of the word
" vacancy " is found in Article 8, section 8, of the Constitu-
tion, in the case of a vacancy by non-election.    In all cases
of ambiguous expression, arguments may be adduced for and
against a given construction ; but in this case, we think its
occasion and purpose are so plain as to leave little room for
doubt as to its real meaning.    As both provisions have re-
mained substantially unchanged, we think they should be
taken to have the same meaning which they evidently had
originally, and to be applicable to both the kinds of vacancies
which are recognized in Article 8, Section 8, of the Consti-
tution.    Our opinion, therefore, is that in all the events
specified in section 27, above quoted, the town clerk has the
right and duty to call a new election, unless the event shall
happen during the session of the Assembly, when it may be
called by the house in which the vacancy may occur.    The
correctness of this conclusion is fortified by the practice
which has obtained under the statute.    For example, in Jan-
uary, 1853, William A. Roberts, a Representative from Scit-
uate, died during the session and a new election was ordered
by the House.    In January, 1868, Richard Sanders, a Repre-
sentative from Providence, died during the session, and the
call for an election was issued by the city clerk.    In May,
1874, Daniel T. Swinburne, a Representative-elect from New-
port, died during the session, and a new election was called
by the city clerk.    December 4, 1875, Frederick A. Pratt
was elected a Representative from Newport in place of Wil-
liam H. Ashurst, who resigned between the sessions.    In
June, 1878, Benjamin Buffum, a Representative-elect from
Warwick, died after the May session, in which he had not

taken his seat. His successor was elected July 24, 1878. Hon. Pardon E. Tillinghast resigned the office of Senator from Pawtucket after the adjournment of the Assembly in June, 1881, and his successor was elected June 15, 1881. Hon. Henry J. Spooner resigned the office of Representative from Providence in November, 1881, and his successor was elected November 22, 1881. Stephen Waterman, a Representative from Providence, died in 1871, and Isaac Shove, a Representative from Pawtucket, resigned in 1874, both vacancies occurring between sessions, and their successors were chosen before the January session following. In these last six cases the new elections could not have been called by either house, because the Assembly was not in session ; and they must, therefore, have been called by the town or city clerk. At the January session, 1885, Hon. George A. Wilbur, Senator from Woonsocket, and Hon. David S. Baker, Jr., Senator from North Kingstown, resigned their offices ; whereupon new elections were ordered by the Senate. The same course was followed upon the resignation of Hon. William W. Douglas, Senator from Providence, during the session of 1891. From these examples, which are all that have come to our notice, it appears that no election has been ordered by either house except for a vacancy occurring during a session. This uniform practice confirms our opinion of the proper construction of the statute.

CHARLES MATTESON,
JOHN H. STINESS,
P. E. TILLINGHAST,
GEORGE A. WILBUR,
HORATIO ROGERS,
WM. W. DOUGLAS.